RHODE ISLAND HOSPITAL TRUST CO., Tr. *vs.* ELLEN E. K. BRIGGS *et als.*

APRIL 29, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This is a bill in equity for the construction of the will of Thomas A. Briggs, late of Providence who died September 24, 1928. The will was admitted to probate October 23, 1928. This proceeding in equity was begun October 5, 1931. After a hearing on bill answers and oral proof the cause being ready for hearing for final decree has been certified to this court for its determination. (G. L. 1923, C. 339, s. 35) Complainant, the Rhode Island Hospital Trust Co., is the executor and the trustee under the will of Thomas A. Briggs and respondents are all the parties beneficially interested in his estate.

The question is whether the testator's widow, Ellen E. K. Briggs, is entitled to dower in his real estate which was devised to said trustee. By his will, executed October 30, 1917, testator first directed that his debts and funeral expenses should be paid; second, he bequeathed and devised

to his wife Ellen all his tangible personal property also a life estate in certain land in Florida with remainder to the trustee subject to the trusts of his will; third, testator devised and bequeathed the residue of his property including the real estate in which a dower right is claimed to complainant in trust.

The will provides that the trustee shall apply the net income from said residue among the respondents in the following proportions: To his widow, the respondent Ellen E. K. Briggs, six-twentieths of said income during her life; to his cousin Susan and his sister Lydia each one-twentieth of said income during their respective lives; to the respondents Robert P. Lawrence, Leonard D. Lawrence and Marion L. Small, who are the children of testator's deceased daughter, Helen Briggs Lawrence, the income from six-twentieths of the residuary estate for a period of twenty-one years after the testator's death; to respondents Thomas A. Melville, John A. Melville, Alice A. Melville, Douglas A. Melville and Mary A. Melville, who are the sole descendants of testator's deceased daughter Bernice B. Melville, the income from six-twentieths of his residuary estate for a period of twenty-one years after the testator's death. The Melville children are minors and their interests are represented by a guardian *ad litem*.

By a codicil, executed December 17, 1919, testator, after stating that he desired to make an additional bequest to his wife, amended the second clause in his will and gave to her also all the bonds and stocks owned by him at his decease, except his stock in the Boston Wire Stitcher Co. This stock at testator's death was valued by federal taxation officials at $1,012,500; the total personal estate was valued. at $1,087,141.67. Of this property the Stitcher Company stock and the real estate passed under the residuary clause to the trustee. Other stock valued at $58,280 and the tangible personal property were bequeathed to Mrs. Briggs.

Mrs. Briggs was married to testator in 1917 several months before the execution of his will. She was his sec-

ond wife. Testator purchased a residence in Providence and took the title in the names of himself and his wife as joint tenants. At his death this residence became the property of Mrs. Briggs. There were no children by the second marriage.

Testator's real estate consists of land and the buildings thereon in East Greenwich. This property is leased and occupied by the Boston Wire Stitcher Co. at a net annual rental of $10,000 which is paid to the trustee. At the time of testator's decease he owned 450 of the 500 shares of the capital stock of this company. The business of the company for years has been and now is very profitable.

In the fifth clause of his will the testator, after stating that a large part of his estate consists of his stock in the Boston Wire Stitcher Co., directs his trustee "to continue this investment, it being my purpose that this business shall be conducted and this investment kept intact as long as the business may be profitably conducted; and I expressly authorize my trustee to so continue such investment."

In the case of loss by fire the trustee is empowered to apply the insurance money received to restore the property destroyed and to use any money in the trust estate for such purpose; also to pay from the income of the trust estate all taxes, assessments and other public charges and a reasonable compensation for the services of the trustee.

Is the provision made for the widow in the will intended to be in lieu of dower? In *Durfee et al., Petitioners,* 14 R. I. 47, the rule for the decision of this question was decided to be that the interest given by the will is not to be construed as given in lieu of dower, if the widow can take both such interest and her dower consistently with the will; if she can not, then the interest given to her by the will must be construed to be in lieu of dower and she will be put to her election. See *Purcell for an Opinion,* 25 R. I. 553; *Cook for an Opinion,* 30 R. I. 494; *Faucher* v. *Bouchard,* 47 R. I. 150.

The law favors and will protect the widow's right of dower. To put her to her election, it must clearly appear from the will that the provision therein for her benefit was intended to be in lieu of dower. But an express statement in the will that such provision is to be in lieu of dower is not indispensable. The question in every case is what was the testator's intention. That is to be ascertained from the scheme and contents of the will. To assist in ascertaining this intention the circumstances relevant to testator's life, his environment and his estate at the time the will was executed may be considered by the court. *Gee for an Opinion*, 44 R. I. 132.

This will speaks for itself. It needs no extrinsic evidence to aid in the ascertainment of the testator's intention. The plan and the purpose of the testator are apparent from the structure and content of his will. In the second clause and in the codicil the testator first makes a distinct and separate provision for his wife. The residue of his estate is then disposed of in trust as a unit absolutely and unencumbered by any dower right. The division of this residue is made in twenty equal parts. After the gift of one part each to his sister and his cousin, his wife and two children or their descendants are to share equally in the remaining eighteen parts. To accomplish this equality of distribution the source of the income is to be kept intact; that source is the Boston Wire Stitcher manufacturing plant and business. It is inconceivable that the testator intended there should be any division in the ownership or the management. The value of the land and buildings as compared with the value of the business is small, but the latter value is to a large extent dependent on the uninterrupted use and control of the manufactory. The allotment of dower in this property would defeat testator's intention of equality in the division of the income as the widow would then receive one-third of the rent in addition to the one-third of the income from the trust estate.

258

The provisions for the trustee's management of the business, for the payment of taxes and other charges and insurance, and for the replacement of the plant if destroyed by fire, negative any intention to recognize a dower interest in addition to the provision made by the will. If the widow is entitled to dower she is not bound by the existing lease. A difference of opinion between the widow and the trustee as to the terms of the lease might soon defeat testator's intention for the continued conduct of a profitable business.

The provisions of the will are inconsistent with a divided responsibility and control. Our answer to the question is that the provisions in the will for the benefit of the widow were intended by testator to be in lieu of dower.

The parties may submit a form of decree in accordance with this opinion.

*James C. Collins, Russell P. Jones, Tillinghast & Collins,* for complainant.

*Alfred S. Johnson, Sallet & Ress,* for respondent.

*Russell W. Richmond,* Guardian *ad Litem.*